J-S34037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY D. BAKER | |
| Appellant | No. 1850 WDA 2013 |

Appeal from the Judgment of Sentence May 10, 2013
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0001356-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 5, 2014**

Appellant, Troy D. Baker, appeals from the judgment of sentence entered in the Indiana County Court of Common Pleas, following his jury trial convictions for conspiracy, simple possession, delivery of a controlled substance, and possession with intent to deliver ("PWID").[1]  We affirm the convictions but vacate the judgment of sentence and remand for re-sentencing.

The relevant facts and procedural history of this case are as follows. On March 27, 2012, Appellant agreed to meet a confidential informant ("CI") in a Walmart parking lot to sell heroin to the CI.  Appellant and two cohorts

_____

[1]  18 Pa.C.S.A. § 903; 35 P.S. §§ 780-113(a)(16), 780-113(a)(30), respectively.

drove to the parking lot, where the CI was waiting with undercover police officers. When Appellant and his cohorts arrived, they picked up the CI and parked their vehicle two parking spots away from an undercover police officer. Inside the vehicle, the CI gave Appellant approximately $400.00 in exchange for approximately 1.2 grams of heroin. After Appellant and the CI completed the transaction, the CI exited the vehicle; and Appellant and his cohorts drove away. The Commonwealth charged Appellant with PWID, simple possession, delivery of a controlled substance, and conspiracy. On February 20, 2013, following a two-day trial, a jury found Appellant guilty on all counts. On May 10, 2013, the court sentenced Appellant to a term of three (3) to fifteen (15) years' imprisonment for the PWID conviction and a term of three (3) to fifteen (15) years' imprisonment for the delivery conviction. Each of these sentences included a three (3) year mandatory minimum term, pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i).[2] The court

_____

[2] We are mindful of the United States Supreme Court's recent decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. ***Id***. at ___, 133 S.Ct. at 2155, 2163, 186 L.Ed.2d at ___. Here, the court imposed the mandatory minimum sentence per 18 Pa.C.S.A. § 7508(a)(7)(i) (mandating three year minimum sentence for defendant convicted of violating 35 P.S. § 780-113(a)(30) with more than one gram but less than five grams of heroin, where defendant has been convicted of another drug trafficking offense at time of sentencing). Pursuant to Section 7508(b), the court determines applicability of the mandatory minimum at sentencing by a preponderance of the evidence (arguably in violation of
*(Footnote Continued Next Page)*

imposed a sentence of two (2) to fifteen (15) years' imprisonment for the conspiracy conviction, and a sentence of one (1) to three (3) years' imprisonment for the simple possession conviction. All sentences were to run concurrently. Thus, Appellant received an aggregate sentence of three (3) to fifteen (15) years' imprisonment.

After the court appointed new counsel for Appellant and granted several motions of continuance to file post-sentence motions, Appellant timely filed post-sentence motions on July 5, 2013. Following a hearing, the court denied Appellant's post-sentence motions on November 1, 2013. Appellant timely filed a notice of appeal on November 18, 2013. The court

_(Footnote Continued)_ ─────────────

***Alleyne***). In the present case, however, the parties stipulated at trial that the substance the police informant received was an amount of heroin with a weight of 1.2 grams. Thus, by virtue of its verdict convicting Appellant of PWID and delivery of a controlled substance, the jury determined beyond a reasonable doubt that Appellant possessed and delivered heroin which weighed between one and five grams. The mandatory minimum was further enhanced from two to three years based on Appellant's previous drug convictions. In ***Alleyne***, however, the Court noted: "In ***Almendarez-Torres v. United States***, 523 U.S. 224, 188 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to [the] general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." ***Alleyne, supra*** at ____ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ____ n.1. Further, "[n]o Pennsylvania case has applied ***Alleyne*** to sentences enhanced solely by prior convictions." ***Commonwealth v. Akbar***, 91 A.3d 227, 240 n.9 (Pa.Super. 2014). Therefore, we see no issue implicating the legality of Appellant's sentence. ***See Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001) (explaining challenge to application of mandatory minimum sentence is non-waiveable challenge to legality of sentence which, assuming proper jurisdiction, this Court can raise *sua sponte*).

ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED WHEN IT MADE A FINDING THAT THE EVIDENCE WAS SUFFICIENT TO CONVICT [APPELLANT] ON ALL CHARGES AFTER THE JURY TRIAL?

WHETHER THE TRIAL COURT ERRED WHEN IT MADE A FINDING THAT THE WEIGHT OF THE EVIDENCE WAS NOT AGAINST THE JURY VERDICT ON ALL CHARGES?

WHETHER THE TRIAL COURT ERRED WHEN IT DENIED [APPELLANT'S] REQUEST TO MODIFY HIS SENTENCE, EVEN THOUGH THE EVIDENCE PRESENTED AT TRIAL WAS FLAWED DUE TO THE LACK OF EVIDENCE AND LACK OF CREDIBILITY OF THE WITNESSES' TESTIMONY?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William J. Martin, we conclude Appellant's first two issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (*See* Trial Court Opinion, filed November 1, 2013, at 2-5) (finding: **(1)** Appellant's assertion that witnesses to heroin sale mistakenly identified Appellant was question for jury; jury heard testimony of multiple witnesses to heroin sale who knew Appellant and could identify him; jury was free to consider this testimony and find it credible; video, photographic or physical evidence was not required for jury to find Appellant guilty; evidence was sufficient to support verdict; **(2)** jury evaluated evidence and

determined Appellant was perpetrator of crime; despite Appellant's contentions of inconsistencies in evidence, verdict does not shock one's sense of justice; Appellant's conviction was not against weight of evidence). Accordingly, we affirm as to Appellant's first and second issues on the basis of the trial court's opinion.

In his third issue, Appellant claims the maximum term of his sentence is excessive. Appellant concedes the court correctly sentenced him to the mandatory minimum period of three (3) years' incarceration. Appellant nevertheless argues the fifteen (15) year maximum term he received is excessive because the evidence underlying the convictions was, at best, circumstantial and "clearly flawed." (Appellant's Brief at 22). Appellant contends the court should have imposed a sentence more reflective of the term that would be recommended by the Sentencing Guidelines absent the applicable mandatory minimum. Appellant further asserts a co-conspirator, whom the police arrested for the same offenses, was able to plead guilty to only misdemeanor charges and received a sentence of probation. Appellant concludes his sentence is excessive and this Court should remand for resentencing. As presented, Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cleveland*, 703 A.2d 1046 (Pa.Super. 1997), *appeal denied*, 555 Pa. 739,

725 A.2d 1218 (1998) (stating claim that court imposed disparate sentences on co-defendants without articulating reasons challenges discretionary aspects of sentencing).

Preliminarily, Appellant did not include in his Rule 1925(b) statement the claim on appeal regarding his co-conspirator's disparate sentence. Therefore, this claim is waived. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (stating any issues not raised in Rule 1925(b) statement will be deemed waived).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super.

2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Betty Lee Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*),

*appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). "[W]hen the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question". **Commonwealth v. Griffin**, 65 A.3d 932, 936-37 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 76 A.3d 538 (2013).

Sentencing is a matter vested in the sound discretion of the sentencing court. **Commonwealth v. Lee**, 876 A.2d 408, 413 (Pa.Super. 2005). On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa.Super. 2006).

Instantly, Appellant's sentence fell within the statutory limits. Thus, Appellant's bare claim that his maximum term of incarceration is excessive, absent more, does not raise a substantial question.[3] **See Griffin, supra**. Additionally, Appellant's reference to the Sentencing Guidelines is misplaced. Appellant concedes the court had to impose a mandatory minimum term, and objects only to the length of the maximum term imposed. The

_____

[3] Appellant failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). **See Mouzon, supra**. Nevertheless, the Commonwealth did not object to this omission. Therefore, we decline to find waiver of Appellant's sole remaining issue on the basis of Appellant's failure to include a Rule 2119(f) statement in his brief. **See Commonwealth v. Stewart**, 867 A.2d 589 (Pa.Super. 2005) (explaining where appellant has not included Rule 2119(f) statement in appellate brief and Commonwealth has not objected to defect, appellate court can ignore omission and determine if appellant raises substantial question that sentence imposed was inappropriate).

recommendations in the Sentencing Guidelines, however, apply only to minimum terms of incarceration. **See** 204 Pa.Code § 303.16(a) n.4 (stating: "All numbers in sentence recommendations suggest months of minimum confinement…").

Moreover, the court had the benefit of a PSI report at sentencing. Therefore, we can presume Appellant's sentence was reasonable and the court considered the relevant factors. **See Commonwealth v. Tirado**, 870 A.2d 362 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Furthermore, at the sentencing hearing, the court explained the reasons for the sentence it imposed:

> All right. [Appellant], in this matter I have looked at your age and your health and all the other matters contained in the [PSI] report as prepared by the Indiana County Adult Probation Department, considered the sentence guidelines and noted that the District Attorney has given notice that he is seeking the mandatory sentence of three [years'] incarceration. The [c]ourt finds any lesser sentence would be inappropriate. A review of your records shows that at age 33 you have never been gainfully employed, you have 16 prior convictions in Pennsylvania and Ohio, the majority of which are drug or drug-related offenses. I consider you to be a career criminal and a danger to society. You were on parole at the time that this offense was committed, and therefore, I consider you a poor candidate for rehabilitation.

(N.T. Sentence Hearing, 5/10/13, at 2-3). Based upon the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects

of his sentence.

Finally, we see in the certified record that the trial court sentenced Appellant separately on the convictions for delivery, PWID, and simple possession. Appellant has not challenged these sentences. Nevertheless, whether crimes should have merged for sentencing purposes implicates the legality of the sentence. *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa.Super. 2012), *appeal denied*, ___ Pa. ___, 70 A.3d 810 (2013). Assuming proper jurisdiction, the legality of the sentence is a non-waivable claim, and this Court can raise sentence legality *sua sponte*. *Edrington, supra* (maintaining legality of sentence claims cannot be waived and may be reviewed *sua sponte*, where reviewing court has proper jurisdiction). "[W]hether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." *Commonwealth v. Anthony B. Williams*, 871 A.2d 254, 262 (Pa.Super. 2005). An illegal sentence is subject to correction and must be vacated. *Commonwealth v. Watson*, 945 A.2d 174, 178-79 (Pa.Super. 2008).

Merger of sentences is governed by Section 9765 of the Sentencing Code, which provides:

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes

- 10 -

> merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). When arising out of a single sale or act, the offenses of possession, PWID, and delivery of the same contraband merge for sentencing purposes. *Commonwealth v. Eicher*, 605 A.2d 337 (Pa.Super. 1992), *appeal denied*, 533 Pa. 598, 617 A.2d 1272 (1992). *See also Commonwealth v. Edwards*, 449 A.2d 38, 39 (Pa.Super. 1982) (stating: "Delivery necessarily includes possession with the intent to deliver and possession with the intent to deliver clearly includes possession"; controlled substances delivery conviction necessarily includes and merges with PWID and PWID necessarily includes and merges with possession, when all charges are based on same act and same drugs).

Instantly, Appellant's offenses and convictions arose from a single sale involving the same drugs. Therefore, simple possession, PWID, and delivery should have merged for sentencing purposes. *See* 42 Pa.C.S.A. § 9765; *Edwards, supra*. Although our decision does not lessen Appellant's overall sentence, this case also involves multiple counts. Therefore, the better course here is to vacate the judgment of sentence and remand for re-sentencing. *See Anthony B. Williams, supra* at 266 (stating where appellate disposition upsets the overall sentencing scheme, remand is necessary so court can restructure its sentence plan); *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (citing *Commonwealth v. Vanderlin*, 580 A.2d 820, 831

- 11 -

(Pa.Super. 1990) (holding sentencing error in one count of multi-count case requires that all sentences be vacated so court can restructure its whole sentencing scheme).  *See also Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *certiorari denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987)) (stating if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).  Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

COMMONWEALTH OF
PENNSYLVANIA

          vs

TROY D. BAKER,

          Defendant.

: IN THE COURT OF COMMON PLEAS
: INDIANA COUNTY, PENNSYLVANIA
:
:
:
: NO. 1356 CRIM 2012
:
:
:
:

## ORDER OF COURT

### MARTIN, P.J.

AND NOW, this 11th day of December 2013, the Court having received a Notice of Appeal filed by the Defendant in the above-captioned case, it is hereby ORDERED and DIRECTED that the Court adopts its Opinion and Order of November 1, 2013, at its Pa.R.A.P. 1925(a) opinion.

BY THE COURT,

President Judge

2013 DEC 11 PM 2:46

PROTHONOTARY AND
CLERK OF COURTS



OA
A. Skala, Esq.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS<br>: INDIANA COUNTY, PENNSYLVANIA<br>:<br>: |
| vs | : NO. 1356 CRIM 2012<br>: |
| TROY D. BAKER, | :<br>: |
| Defendant. | : Post Sentence Motion |

2013 NOV -1 PH 2:00
PROTHONOTARY AND
CLERK OF COURTS

## OPINION AND ORDER OF COURT

**MARTIN, P.J.**

This matter came before the Court for a two-day jury trial on February 19, 2013. Defendant was charged with offenses stemming from a sale of 1.2 grams of heroin to an undercover informant. On February 20, 2013, the Defendant was found guilty of delivery of a controlled substance, possession with intent to deliver a controlled substance, conspiracy to deliver a controlled substance, and possession of a controlled substance. The Defendant was sentenced by this Court on May 10, 2013 to incarceration in a state correctional institution for no less than three (3) years and no more than fifteen (15) years. Post sentence motions were filed by the Defendant on July 5, 2013 and the Court held a hearing on the motions on September 5, 2013. For the reasons set forth herein, Defendant's post sentence motions are DENIED.

The Defendant argues that neither the sufficiency nor the weight of the evidence supports a guilty verdict. Defendant cites the same reasons for the challenges to sufficiency and weight: 1) that the evidence did not clearly place the Defendant in the vehicle at the time of the drug sale; 2) that the case involves mistaken identity; 3) there was no photographic or video

1



surveillance evidence of Defendant perpetrating the crime; and 4) there was no physical evidence such as fingerprints on the bags of heroin exchanged with the confidential informant.

Challenges to the evidence on sufficiency and weight are separate and distinct and are reviewed under different standards. Therefore, each of Defendant's challenges will be addressed separately. Sufficiency of the evidence is a question of law. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa.2000). The standard to be applied is as follows:

> "The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part, or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence." Commonwealth v. McClendon, 874 A.2d 1223, 1228 (Pa.Super. 2005).

The Defendant's assertions that he cannot be placed in the vehicle and that his identity was mistaken are questions that the finder of fact determined based on the trial testimony of witnesses. Testimony at trial was given by individuals who knew the Defendant personally and had viewed him on prior occasions. The jury was free to consider this testimony and determine that the Defendant was in fact, the person present at the time of the crime. Defendant also argues as to lack of video, photographic or other physical evidence. While the availability of

2

such evidence would undoubtedly be persuasive as to a finding of guilt, its absence does not make the evidence so, "weak and inconclusive" that under the circumstances no probability of fact could be drawn. Commonwealth v. Cruz-Centeno, 668 A.2d 536, 539 (Pa.Super. 1995).

When viewing the evidence in the light most favorable to the Commonwealth, this Court finds that the evidence was sufficient to support the verdict. Therefore, Defendant's motion based on a claim that the verdict was against the sufficiency of the evidence is denied.

In determining a motion based on the weight of the evidence, it is conceded that that the evidence was sufficient to sustain a verdict, however, the verdict was against the weight of the evidence. Commonwealth v. Cruz-Centeno, 668 A.2d 536, 540 (Pa.Super. 1995). The standard for determining the weight of the evidence is well established. "The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses". Commonwealth v. Cruz, 919 A.2d 279, 281-82 (Pa.Super. 2007).

"A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000), citing Commonwealth v. Thompson, 493 A.2d 669 (Pa. 1985). "A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or give them equal weight with all the facts is to deny justice." Id. A new trial should be granted only when,

3

"...the verdict is so contrary to the evidence as to shock one's sense of justice..." Commonwealth v. Cruz-Centeno, 668 A.2d 536, 540 (Pa. Super. 1995). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." Commonwealth v. Cruz, 919 A2d. 279, 282 (Pa.Super. 2007).

In the instant case, the jury evaluated the evidence and determined that the Defendant was the perpetrator of the crime. Furthermore, even though the Defendant contends that there was a lack of certain evidence, it was for the jurors to determine his guilt beyond a reasonable doubt based on the evidence that was presented to them. Despite any inconsistencies in the evidence or lack of it, the Court finds nothing in the jury's verdict that "shocks one's sense of justice". Therefore, Defendant's motion based on a claim that the verdict was against the weight of the evidence is denied.

Defendant also motions for a modification of sentence on the basis that the sentence imposed is excessive due to lack of evidence and because witnesses including a confidential informant and co-defendant had the propensity to be untruthful as a result of receiving plea bargains or deals for their cooperation. The Court has already disposed of Defendant's arguments as to lack of evidence and the credibility of witnesses as issues that were weighed by the jury. Finding that the weight of the evidence did support the verdict, the Court rejects this argument. Defendant further argues that despite his criminal history, his crimes do not reflect his true character.

4

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010), citing Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Id. In a situation where the court has the benefit of a presentence investigation, it is presumed that the court was aware of information pertaining to Defendant's character and weighed that information when imposing the sentence. Moury at 175. In this case, the Court did have Defendant's presentence investigation report and considered its contents in reaching the sentencing decision. This Court found that Defendant had a lengthy criminal history, has never held steady, gainful employment and at the time of these offenses was on parole. In weighing the report and all evidence presented, the Court considered the Defendant to be a poor candidate for rehabilitation.

Defendant's mandatory minimum sentence of not less than three (3) years incarceration is set forth by 18 Pa.C.S.A. §7508(a)(7)(i). After considering all of the aforementioned factors, the Court imposed a maximum sentence within the standard range of the Sentencing Guidelines of no more than fifteen (15) years incarceration. A sentence within the standard range of the Sentencing Guidelines is viewed as appropriate and when combined with a review of the PSI cannot be considered excessive or unreasonable. Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010). It is at this Court's discretion to modify a sentence and under the circumstances in this case, the Court declines to do so.

Wherefore, the Court enters the following Order.

5