**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Elwood BARTRUG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1999.

Filed June 7, 1999.

John K. Kaye, Coraopolis, for appellant.

Sally K. Lewis, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, JOYCE and BECK, JJ.

JOYCE, J.:

¶ 1 Elwood Bartrug, Appellant, appeals the judgment of sentence entered June 22, 1998. For the reasons set forth below, we affirm. Before addressing Appellant's claim, we will briefly recount the pertinent facts of the case.

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 3921.

3. 18 Pa.C.S.A. § 3925.

4. Appellant was sentenced for theft by unlawful taking, a felony of the third degree. Pur-

¶ 2 On August 18, 1994, Appellant burglarized the victim's Squirrel Hill residence in Pittsburgh. There were indications that the burglary may have been an "inside job". Appellant broke and entered through the only window of the residence that was not connected to the alarm system. He proceeded directly to the room where the stolen property, jewelry worth approximately $175,000, was located. Appellant did not search any other room of the house. Coincidentally, Appellant perpetrated this crime the day after the victim's housekeeper was placed in the hospital and during a two to three hour period when the victim herself was away from the home. Fingerprints belonging to Appellant were lifted from the window, which was the point of entry for the burglary. Subsequently, Appellant was arrested.

¶ 3 On June 26, 1995, Appellant pled guilty to burglary,[1] theft by unlawful taking or disposition[2] and receiving stolen property.[3] The trial court sentenced Appellant to seven and one-half (7½) to fifteen (15) years' imprisonment for **theft by unlawful taking**.[4] No further sentence was imposed on the remaining counts. The court based its decision upon the pre-sentence report and the court's belief that Appellant was not honest and forthcoming as to how he had picked this particular house or his knowledge of how to safely enter this particular house.

¶ 4 Appellant filed an unsuccessful motion for reconsideration of sentence, however he did not pursue a direct appeal. On May 20, 1996, Appellant filed a *pro se* petition for relief under the Post Conviction Relief Act PCRA, 42 Pa.C.S.A. §§ 9541–9546. Following appointment of counsel, Appellant filed an amended petition arguing that the court had imposed an

suant to 18 Pa.C.S.A. § 1103(3), the maximum term that Appellant could be sentenced for this conviction was seven (7) years. Appellant was originally sentenced to a term of seven and one-half (7½) to fifteen (15) years.

illegal sentence. Appellant averred that his sentence exceeded the lawful maximum. The trial court, realizing its error, granted Appellant's petition for relief, vacated the judgment of sentence and scheduled resentencing. On June 22, 1998, Appellant was resentenced to seven and one-half (7½) to fifteen (15) years for **burglary.**[5] No further sentence was imposed on the remaining counts. Appellant timely appealed.

¶ 5 The sole issue presented for our review is whether the PCRA court erred in vacating the entire sentence rather than addressing only that part of Appellant's sentence that was illegal. Appellant questions whether the PCRA court had jurisdiction to vacate otherwise legal sentences after the time for direct appeal had passed and which were not part of his PCRA petition. Appellant, citing *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985), *rev'd, Commonwealth v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), also asserts his double jeopardy protections may have been violated.[6]

¶ 6 Although we are unaware of any case where such resentencing occurred within the forum of the PCRA, we do not see that as being an obstacle as to the power or jurisdiction of the court to act. Available relief under the PCRA is statutorily defined, and rather broad:

§ 9546. Relief and Order

(a) General rule.—If the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper.

42 Pa.C.S.A. § 9546(a).

¶ 7 Furthermore, this Court has held that when an illegal sentence has been imposed, the sentence must be corrected. *Commonwealth v. Kratzer*, 442

Pa.Super. 514, 660 A.2d 102, 104 (1995). Likewise, we have held that if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme. *Commonwealth v. Vanderlin*, 398 Pa.Super. 21, 580 A.2d 820, 831 (1990) (citation and quotation omitted). This has been held true even where Appellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme. *Commonwealth v. Sutton*, 400 Pa.Super. 291, 583 A.2d 500, 502, *appeal denied*, 528 Pa. 610, 596 A.2d 156 (1991). We find the PCRA court did not err in vacating the entire sentence prior to resentencing.

¶ 8 Addressing Appellant's double jeopardy concerns, we note that Appellant's reliance on *Commonwealth v. Goldhammer, supra*, is misplaced. The United States Supreme Court reversed *Goldhammer* and remanded it to our Supreme Court, indicating that the double jeopardy clause would not be violated by composite resentencing. *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985). Thereafter, our Supreme Court reversed and remanded for resentencing on the *entire* sentencing scheme. *Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *appeal denied, Goldhammer v. Pennsylvania*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987). In so doing, the *Goldhammer* court appropriately stated:

We hold, therefore, that where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appel-

---

**5.** Burglary is graded as a felony of the first degree. A maximum sentence of twenty (20) years is permissible. 18 Pa.C.S.A. § 1103(1).

**6.** Appellant acknowledges *Goldhammer* has been reversed, but argues that much of the reasoning supports his position.

late court upsets the original sentencing scheme of the trial court.

*Commonwealth v. Goldhammer*, 512 Pa. at 593, 517 A.2d at 1283. Indeed, our Supreme Court determined that "[w]hen a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." *Id.*, quoting, *United States v. Busic*, 639 F.2d 940, 947 n. 10 (1981), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422.

¶ 9 Accordingly, we find that the PCRA court exercised proper authority in vacating all of Appellant's sentences. Likewise, the PCRA court properly resentenced Appellant and there is no violation of double jeopardy. Therefore, we affirm.

¶ 10 Judgment of sentence affirmed.