J-A24011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN MCCLENDON | |
| Appellant | No. 1474 EDA 2013 |

Appeal from the Judgment of Sentence May 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014623-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:      **FILED SEPTEMBER 19, 2014**

Appellant, Shawn McClendon, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for robbery, criminal attempt (theft by unlawful taking), simple assault, and recklessly endangering another person ("REAP").[1] We vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows. At approximately 5:30 p.m. on December 11, 2011, the victim exited a bus and began to walk toward his home, which was located about one block from

_____

[1] 18 Pa.C.S.A. §§ 3701, 901, 2701, and 2705, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

the bus stop. Appellant approached the victim from behind, grabbed the victim's arm, and directed the victim to "get on the ground" and "give [Appellant] what [he] had." (N.T. Trial, 2/11/13, at 17). Appellant kept one hand inside his jacket and pressed his concealed hand against the victim's ribs, pretending to have a gun. The victim stopped walking but did not initially comply with Appellant's demands. The victim's brother witnessed the episode from the front porch of the family home. After informing his mother of the situation so she could call the police, the victim's brother ran toward Appellant, who was standing approximately fifteen to twenty feet away on the sidewalk. The victim's brother testified he thought Appellant had a gun. The victim saw his brother approach and slowly started to lower himself to the ground to distract Appellant. The victim's brother knocked Appellant to the ground. During the ensuing scuffle, the victim and his brother managed to pin Appellant to the ground until the police arrived. Appellant did not remove his hand from inside his jacket during the struggle. When the responding officers arrived, they searched Appellant and found no weapon.

At the conclusion of a one-day bench trial on February 11, 2013, the court found Appellant guilty of robbery, attempted theft by unlawful taking, simple assault, and REAP. On May 3, 2013, the court sentenced Appellant to consecutive terms of five (5) to ten (10) years' imprisonment for the robbery conviction, two (2) years' probation for the simple assault conviction, and

two (2) years' probation for the REAP conviction. The conviction for attempted theft by unlawful taking merged for sentencing with the robbery conviction. Appellant timely filed a notice of appeal on May 22, 2013. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises a single issue on appeal:

> WAS NOT THE EVIDENCE INSUFFICIENT TO CONVICT APPELLANT OF RECKLESSLY ENDANGERING ANOTHER PERSON, AS APPELLANT'S CONDUCT—PLACING A PRETEND WEAPON IN THE COMPLAINANT'S SIDE WHILE DEMANDING HIS VALUABLES—DID NOT ACTUALLY PLACE THE COMPLAINANT IN DANGER OF DEATH OR SERIOUS BODILY INJURY?

(Appellant's Brief at 3).

Appellant argues he had no actual ability to inflict death or serious bodily injury on the victim at the time of the incident. Appellant asserts he merely pretended he had a gun by discreetly pointing his finger in the victim's side. Appellant further contends it was not reasonably foreseeable that his actions might cause a third party to retaliate with gunfire and accidentally shoot the victim. Appellant concludes the evidence was insufficient to support the REAP conviction, and this Court should reverse the REAP conviction and remand for resentencing on the remaining convictions. We agree.

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.

2003)).

The Pennsylvania Crimes Code defines the crime of REAP as follows:

### § 2705. Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705. The *mens rea* required for REAP is "a conscious

disregard of a known risk of death or great bodily harm to another person."

*Commonwealth v. Klein*, 795 A.2d 424, 427-28 (Pa.Super. 2002) (citation

omitted). The Crimes Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. To sustain a conviction for REAP, "the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." ***Commonwealth v. Hopkins***, 747 A.2d 910, 915 (Pa.Super. 2000) (internal citation omitted). ***See also Commonwealth v. Trowbridge***, 395 A.2d 1337 (Pa.Super. 1978) (holding evidence was insufficient to sustain REAP conviction where defendant pointed unloaded BB gun at police officers because officers were not placed in actual danger of death or serious bodily harm).

The reaction of a victim or third party to a defendant's apparent ability to inflict harm, however, may support a REAP conviction where the reaction places the victim or a bystander in actual danger; e.g., this Court has recognized there are circumstances:

> under which the pointing of an unloaded gun can create a danger of death or serious bodily injury, albeit not from the projectile which would be fired if it were loaded. We think such a danger could exist where the actor points an unloaded gun and the resulting fear or apprehension of danger itself creates an actual danger of death or serious bodily harm to others, such as where a gun is pointed at a person driving a passenger-filled car at fifty miles per hour on a public highway, since the requisite danger comes from the loss of vehicular control in such a panic situation.

*Commonwealth v. Reynolds*, 835 A.2d 720, 728 (Pa.Super. 2003) (quoting *Trowbridge, supra* at 1341 n.14). In *Commonwealth v. Holguin*, 385 A.2d 1346 (Pa.Super. 1978), the defendant pointed a gun at sixteen people in a bar following a bar fight. The defendant then handed the gun to one of his two cohorts, who walked around the bar and stuck the gun under each person's nose while saying, "I know you." The defendant grabbed and pulled the hair of the bar owner when the owner tried to call the police, and the defendant's cohort hit a patron in the head with the gun. *Id.* at 1348. This Court affirmed the defendant's REAP conviction, reasoning: "Regardless of whether his pistol was loaded, appellant's conduct created a significant risk that someone, perhaps an owner, bartender, or patron, might retaliate with gunfire," which may have placed another person in danger of death or serious bodily injury. *Id.* at 1353.

In *Reynolds, supra*, the defendant pointed a firearm at two men outside a bar, resulting in a physical struggle for the gun involving at least one other person. This Court concluded the Commonwealth presented sufficient evidence to sustain the defendant's REAP convictions because the evidence supported an inference that at least one bullet was in the chamber of the gun during the incident, adding:

> In any event, we further conclude that, even if the gun were not loaded, the circumstances surrounding Appellant's actions presented an actual, foreseeable, risk of danger. As in *Holguin*, Appellant acted in a bar where other patrons and employees were present. Indeed, the bouncer removed Appellant from the bar upon learning

- 6 -

that he had a gun. Moreover, after Appellant pointed a gun at [the first victim's] forehead for the first time, [the second victim] tackled both men onto the ground and the three of them fought for the gun. A bystander stepped on the arm holding the gun, indicating that at least one other person involved himself in the affray. The circumstances were such that someone else with a gun could have retaliated. Accordingly, the surrounding circumstances were such that Appellant created an actual danger by pointing the gun, whether or not it was actually loaded and capable of firing.

*Reynolds, supra* at 729-30. *But see Commonwealth v. Baker*, 429 A.2d 709, 710-11 (Pa.Super. 1981) (holding evidence was insufficient to convict defendant of REAP where defendant, following physical brawl with three men that spilled outside bar, retrieved unloaded gun from truck and pointed it at his opponents; defendant's actions "were not so inherently dangerous that death or serious bodily injury would be a reasonably foreseeable result" because facts showed "fracas between only a handful of individuals in a parking lot in the middle of the night with no other circumstances indicating a significant risk of danger"). The question of whether the risk of harm created by a third party's potential reaction to a defendant's conduct is sufficient to support a REAP conviction "comes down to a question of degrees of foreseeability. The dividing line, and therefore the key to our inquiry, should be whether the accused knew or reasonably should have known that his conduct might produce a life endangering response by the victim or others coming to his aid." *Id.* at 710.

Instantly, Appellant approached the victim on the street and ordered

the victim to hand over his belongings. Appellant pretended he had a gun by pressing his fingers against the victim's ribs. The victim's brother witnessed the incident and ran to help the victim. The victim and his brother were able to restrain Appellant until the police arrived. Absent more, Appellant's act of pointing his finger in the victim's side, pretending it was a gun, cannot sustain the REAP conviction because Appellant had no actual present ability to inflict harm on the victim or his brother. **See Hopkins, supra**; **Baker, supra**.

Moreover, the Commonwealth's evidence was insufficient to support a finding that Appellant's actions created a significant risk of danger or harm to the victim or the victim's brother from a third party. **See id. Holguin, supra** is distinguishable, where the defendant and two cohorts physically attacked, repeatedly threatened, and pointed an actual firearm at numerous people inside a crowded bar. Similarly, in **Reynolds, supra**, the defendant repeatedly pointed a firearm at two victims right outside a bar where employees and other patrons were present, causing a scuffle in which the defendant fought for the gun with the victims and at least one bystander. Both **Holguin** and **Reynolds** involved an inherently dangerous situation that is missing from the instant case. Here, Appellant did not use or brandish an actual firearm or terrorize a large group of people or conspicuously threaten the victim in a crowded location. The Commonwealth failed to present evidence that anyone witnessed or responded to the incident other than the

victim's brother, who ran up to Appellant and subdued him without a weapon. Additionally, the Commonwealth failed to produce any evidence that the police response placed the victim or his brother in actual danger. To the contrary, the victim and his brother had successfully restrained Appellant on the ground by the time the police arrived. Under the totality of the circumstances, Appellant could not reasonably foresee that his act of poking his fingers into the victim's side might result in a third person accidentally shooting the victim. Unlike **Holguin** and **Reynolds**, in the present case there was no real risk of retaliatory gunfire. Thus, the facts of this case do not support a finding that Appellant's conduct was so inherently dangerous that death or serious bodily injury was a reasonably foreseeable result. **See Baker, supra**; **Trowbridge, supra**. Accordingly, the evidence was insufficient to sustain Appellant's REAP conviction.

Based on the foregoing, we reverse Appellant's REAP conviction, vacate the judgment of sentence, and remand for resentencing on the remaining convictions because we have disturbed the court's overall sentencing scheme. **See Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (citing **Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa.Super. 1990) (holding that if trial court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated so court can restructure its entire sentencing scheme). **See also Commonwealth v.**

***Goldhammer***, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (stating, "When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan"; if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014