J-S60026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENYATTA ANDERSON | |
| Appellant | No. 2476 EDA 2014 |

Appeal from the Judgment of Sentence July 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003290-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:            **FILED DECEMBER 08, 2015**

Kenyatta Anderson appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County following his conviction for possession of a firearm,[1] obliteration of firearm identification,[2] firearms not to be carried without a license,[3] possession of marijuana,[4] and carrying firearms in public in Philadelphia.[5]  Upon review, we vacate the sentence and remand for resentencing.

---

[1] 18 Pa.C.S. § 6105(a)(1).

[2] 18 Pa.C.S. § 6117(a).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 35 P.S. § 780-113(a)(31).

[5] 18 Pa.C.S. § 6108.

On February 24, 2013, at approximately 2:40 a.m., Philadelphia Police Corporal Patrick Delaney was driving in a marked police when he heard gunshots outside the Mezzanine Club, near Germantown and Chelten Avenues. As he arrived on the scene, Corporal Delaney saw Anderson running across the street and hailing a cab.

Corporal Delaney approached the cab, and asked Anderson if he heard the gunshots. Anderson immediately took off running. As Anderson ran away, Corporal Delaney noticed that he continuously held his waistband. Officer Jamar Leary, who was backing up Corporal Delaney, was able to stop Anderson. Anderson fell to the ground, and Officer Leary recovered a loaded gun, marijuana and $1,008.00 in cash.

On March 21. 2014, at the conclusion of argument on Anderson's motion to suppress, the court held a stipulated trial, and convicted Anderson of the aforementioned offenses.

On July 10, 2014, the trial court sentenced Anderson to five to ten years' imprisonment for persons not to possess firearms, and a consecutive sentence of one day to ten years' imprisonment for altering or obliterating marks of identification. The court imposed concurrent sentences for the remaining firearms violations and no further penalty for marijuana possession.

Anderson filed a post-sentence motion on July 17, 2014, which the court denied on August 14, 2014. This timely appeal followed, in which Anderson presents the following issues for our review:

1. Did the trial court abuse its discretion by denying [Anderson's] motion to suppress where, as a matter of law, the trial court's factual conclusions did not support the conclusion that there was reasonable suspicion to stop [Anderson]?

2. Was the evidence insufficient as a matter of law to support [Anderson's] conviction for obliteration of firearm identification?

3. [Would] the appellate court['s] remand [of] the matter so that the trial court can resentence [Anderson] . . . deprive [Anderson] of his Fourteenth Amendment due process rights?

Brief of Appellant, at 4.

In his first issue, Anderson claims that the trial court erred when it failed to suppress the evidence seized from him by the police. Our standard of review for the denial of a suppression motion is as follows:

[W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court below were erroneous.

*Commonwealth v. McAliley*, 919 A.2d 272, 275-76 (Pa. Super. 2007) (citation omitted).

Anderson contends that the court erred in denying his suppression motion because the officers did not have reasonable suspicion to stop him.

A police officer may briefly stop a suspect for an investigatory detention if the officer has a reasonable suspicion that criminal activity is afoot. *Commonwealth v. Martinez*, 588 A.2d 513, 514 (Pa. Super. 1991). Likewise, an officer may stop a suspect where the officer reasonably believes

that the suspect is "armed and presently dangerous to the officer or to others." **Commonwealth v. Grahame**, 7 A.3d 810, 814 (Pa. 2010).

To establish reasonable suspicion, the officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." **Id.** at 768-69 (quoting **U.S. v. Sokolow**, 490 U.S. 1, 2 (1989)). The officer must rely on specific and articulable facts that warrant a belief that criminal activity is afoot. **Commonwealth v. Martinez**, 588 A.2d 513, 514 (Pa. Super. 1991).

In assessing whether an officer had reasonable suspicion as to justify an investigatory detention, we must consider the totality of the circumstances. **Commonwealth v. Walls**, 53 A.3d 889, 893 (Pa. Super. 2012). Mere flight is not enough to constitute reasonable suspicion. **Martinez**, **supra** at 514 (Pa. Super. 1991). However, fleeing from an officer may constitute the basis for reasonable suspicion in certain instances, as a "combination of innocent facts, when taken together, may warrant further investigation by the police officer." **Commonwealth v. Carter**, 105 A.3d 765, 772 (Pa. Super. 2014). Additionally, the court must afford weight to an officer's perception of the circumstances in light of the officer's experience. **Commonwealth v. Carter**, 105 A.3d 765, 773 (Pa. Super. 2014)

Corporal Delaney testified that the Mezzanine Club closes at 3:00 a.m. and that police were "in the area for any problems that might arise, fights, drunken, disorderly people with guns. The area is known for crime around

the time of the let out of the club." N.T. Suppression Hearing/Trial, 3/21/14, at 10. He further testified that in the two years that he worked in the area of the club, he recovered at least five firearms while making arrests. Most of the firearms were found in the arrestees' waistbands. *Id* at 17-18.

In *In re D.M.*, 781 A.2d 1161 (Pa. 2001), our Supreme Court, relying on *Illinois v. Wardlow*, 528 U.S. 119 (2000), held that "it is evident that unprovoked flight in a high crime area is sufficient to create a reasonable suspicion to justify a *Terry*[6] stop under the Fourth Amendment." *In re D.M.*, at 1164.

Based on the totality of the circumstances, *see Walls*, *supra*, we conclude that in light of the evidence regarding the high crime area, gunshots and Anderson's flight after grabbing his waistband, the trial court did not err in denying Anderson's motion to suppress.

In his second issue, Anderson argues that the evidence was insufficient to support his conviction for obliteration of firearm identification. In reviewing a sufficiency of the evidence claim, we must determine whether there is sufficient evidence to establish each element of the crime beyond a reasonable doubt. *Commonwealth v. Vanderlin*, 580 A.2d 820, 827 (Pa. Super. 1990). In doing so, an appellate court views the evidence admitted at

---

[6] *Terry v. Ohio*, 392 U.S. 1 (1968) (police may stop and frisk individual where reasonable suspicion exists that criminal activity is afoot).

trial and all reasonable inferences drawn therefrom, in the light most favorable to the verdict winner. *Id.*

To sustain a conviction under section 6117, there must be sufficient evidence to prove beyond a reasonable doubt that the defendant "change[d], alter[ed], remove[ed], or obliterate[ed] the manufacturer's number integral to the frame or receiver of any firearm." *See* 18 Pa.C.S. § 6117. Possession of a firearm with an obliterated serial number does not prove that the defendant in possession of such weapon is the individual who obliterated the serial number. Likewise, a defendant's attempt to flee or discard the firearm is not sufficient to establish that the defendant altered the serial number. *Commonwealth v. Taggart*, 997 A.2d 1189, 1200 (Pa. Super. 2010).

The gun recovered from Anderson had an obliterated serial number. However, at trial, the Commonwealth did not introduce evidence to show when the obliteration occurred, when Anderson came into possession of the firearm, or whether Anderson had the technical capabilities to obliterate the gun's serial number. At most, the Commonwealth showed that Anderson was in possession of an obliterated firearm and that he attempted to flee from the police. Thus, the evidence was insufficient to establish that

Anderson obliterated the serial number on the firearm, and accordingly, we vacate his conviction for this offense.[7]

It is well settled that "if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan." *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) (citation omitted). "If a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme." *Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa. Super. 1999).

Anticipating that this Court would remand for resentencing, Anderson claims that remanding the matter to the trial court will violate his Fourteenth Amendment due process rights. Therefore, he asks us to vacate his conviction for obliterating the serial number on the firearm without remanding for further action by the trial court. Anderson's position is contrary to the principles set forth in *Thur*, *supra* and *Bartrug*, *supra*. As recognized by the U.S. Supreme Court, "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Commonwealth v. Vanderlin*, 580 A.2d 820, 830 (Pa. Super. 1990) (quoting *Bozza v. U.S.*, 330 U.S. 160, 166 (1947)).

---

[7] In its Pa.R.A.P. 1925(a) opinion, the trial court recognizes that it erred by finding Anderson guilty of the felony of obliterating marks of identification.

Judgment of sentence vacated.  Case remanded for resentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015