J-S01039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES MCMICHAEL | |
| Appellant | No. 3197 EDA 2014 |

Appeal from the Judgment of Sentence August 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005966-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 12, 2016**

Appellant, Charles McMichael, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for robbery, conspiracy, and possessing instruments of crime ("PIC").[1]  On March 25, 2013, codefendant Marquis Jackson's brother and the two victims were in the Jackson family home.  Appellant and codefendant entered the house, and Appellant pointed a firearm at the victims while ordering them to empty their pockets.  On May 13, 2014, a jury convicted Appellant of two (2) counts of robbery and one (1) count each of conspiracy and PIC.  On August 6, 2014, Appellant filed a motion to bar application of a mandatory minimum sentence, which the court granted in

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c), 907(a), respectively.

part and denied in part. The court sentenced Appellant on August 11, 2014, to concurrent terms of five-and-a-half (5½) to twelve (12) years' incarceration for the robbery and conspiracy convictions, pursuant to the mandatory minimum sentencing statute at 42 Pa.C.S.A. § 9712 (sentences for offenses committed with firearms). The court imposed a concurrent term of two-and-a-half (2½) to five (5) years' incarceration for PIC. Appellant timely filed a post-sentence motion on August 20, 2014, which the court denied on November 4, 2014. Appellant filed a timely notice of appeal on November 12, 2014, and a voluntary statement per Pa.R.A.P. 1925(b).

Section 9712 states its statutory provisions shall not be an element of the crime, and its applicability shall be determined at sentencing by a preponderance of the evidence. In **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. **See also Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (holding 42 Pa.C.S.A. § 9712.1 can no longer pass constitutional muster as it permits court to increase defendant's minimum sentence based upon preponderance of evidence). This Court extended the logic of **Alleyne** and **Newman** to Section 9712, in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014), holding that statute is likewise unconstitutional insofar as

it permits increase of a defendant's sentence based on the preponderance of the evidence standard; the court could not cure the unconstitutionality of the statute with a verdict sheet containing specific jury interrogatories. *Id.* In so doing, the court would improperly create a new sentencing procedure, as the statute is not severable and is unconstitutional in its entirety. *Id.*

Instantly, the court imposed mandatory minimum sentences for each of Appellant's robbery and conspiracy convictions, pursuant to 42 Pa.C.S.A. § 9712. The sentences were unlawful, despite the jury's finding beyond a reasonable doubt that Appellant possessed a firearm during the robberies. *See id.* Accordingly, we affirm Appellant's convictions, but vacate the judgment of sentence in its entirety and remand for resentencing on all convictions, without imposition of a mandatory minimum term.[2] *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case requires that all sentences be vacated so court can restructure its whole sentencing scheme).

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

---

[2] We decline the Commonwealth's invitation to hold our decision on this appeal pending the resolution of **Alleyne** challenges presently under review by the Pennsylvania Supreme Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2016