J-S62041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS EDWARD SARVER | |
| Appellant | No. 908 WDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002160-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 19, 2016**

Appellant, Nicholas Edward Sarver, appeals from the order entered in the Fayette County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On July 23, 2012, police went to Appellant's home to search for stolen firearms.  When the officers arrived, Appellant invited them into the house. Police found multiple firearms near heroin and drug packaging materials.  A

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

jury convicted Appellant on May 8, 2013, of simple possession, possession with intent to deliver ("PWID"), and possession of drug paraphernalia. The court sentenced Appellant on June 5, 2013, to a mandatory minimum term of five (5) to ten (10) years' imprisonment for the PWID conviction, pursuant to 42 Pa.C.S.A. § 9712.1. The court imposed no further penalty for simple possession and possession of drug paraphernalia. On April 23, 2014, this Court affirmed the judgment of sentence. *See Commonwealth v. Sarver*, No. 1062 WDA 2013, unpublished memorandum (Pa.Super. filed April 23, 2014). Appellant filed a timely *pro se* PCRA petition on September 26, 2014. The PCRA court appointed counsel, who filed an amended petition. Following a hearing, the court denied Appellant's PCRA petition on June 5, 2015. Appellant timely filed a notice of appeal on June 10, 2015. The court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

Appellant raises one issue for our review:

> WHETHER THE PCRA COURT ERRED WHEN IT RULED THAT APPELLANT CANNOT RAISE HIS CLAIM THAT HIS MANDATORY SENTENCE IS ILLEGAL IN A PCRA PETITION?

(Appellant's Brief at 6).

Appellant argues his mandatory minimum sentence for PWID is illegal pursuant to *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. Appellant asserts the PCRA court erred when it determined Appellant could not raise his *Alleyne* challenge in

a timely PCRA petition. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. We agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

At the time of Appellant's sentencing, Section 9712.1(a) required a mandatory minimum sentence of five (5) years' imprisonment where a defendant is convicted of PWID "when at the time of the offense the person…is in physical possession or control of a firearm, whether visible, concealed about the person…or within the actor's…reach or in close proximity to the controlled substance[.]" 42 Pa.C.S.A. § 9712.1(a). Section 9712.1(c) stated that the statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. 42 Pa.C.S.A. § 9712.1(c). In *Alleyne*, the United States Supreme Court expressly held that any fact increasing the

mandatory minimum sentence for a crime **is** considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. ***Alleyne, supra***. This Court later addressed the constitutionality of Section 9712.1 in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*),[2] which was filed on August 20, 2014. Relying on ***Alleyne***, ***Newman*** held that Section 9712.1 could no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." ***Id.*** at 98. ***Newman*** further held that the non-offending provisions of Section 9712.1 were not severable and the statute was unconstitutional in its entirety. ***Id.*** at 101. ***See also Commonwealth v. Hopkins***, ___ Pa. ___, 117 A.3d 247 (2015) (declaring mandatory minimum statute at 18 Pa.C.S.A. § 6317 (drug-free school zones) unconstitutional in its entirety under ***Alleyne***, where that statute stated its provisions were not elements of crime and applicability of statute should be determined at sentencing by preponderance of evidence).

In ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa.Super. 2015), this Court

_____

[2] ***Newman*** involved an ***Alleyne*** sentencing issue that could not have been initially raised on direct appeal, because the defendant's appeal had been resolved on June 12, 2013, five days before ***Alleyne*** was decided. So, the defendant filed a petition for reconsideration/reargument, which this Court granted.

reiterated the **Newman** Court's declarations: (1) an **Alleyne** claim is a nonwaivable challenge to the legality of sentence; and (2) **Alleyne** announced a new constitutional rule that applied to all cases pending on direct review when **Alleyne** was decided. **Id.** at 59-60 (citing **Newman, supra** at 90). Based on those principles, **Ruiz** clarified that a defendant could also raise an **Alleyne** challenge in a timely PCRA petition so long as his direct appeal from the judgment of sentence was still pending when **Alleyne** was decided. **Id.** at 59-60.

Recently in **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court stated:

> [A] new rule of law does not automatically render **final**, **pre-existing** sentences illegal. A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal. …
>
> \*    \*    \*
>
> [N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

**Id.** at \*3-4 (Pa. 2016) (emphasis added). **See also id.** at \*4 (stating: "[I]f a new constitutional rule does not apply, it cannot render an otherwise final

sentence illegal"). The ***Washington*** Court applied the retroactivity analysis delineated in ***Teague v. Lane***, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and determined the new constitutional rule announced in ***Alleyne*** is not a substantive or watershed procedural rule that would warrant retroactive application. ***Washington, supra***. The Court held the defendant was not entitled to retroactive application of ***Alleyne*** because his judgment of sentence had become final before ***Alleyne*** was decided. ***Id.***

Instantly, on June 5, 2013, the sentencing court imposed a mandatory minimum term of five (5) years' imprisonment for Appellant's PWID conviction per Section 9712.1. ***Alleyne*** was decided while Appellant's direct appeal was pending before this Court and before the appeal was resolved. This Court affirmed Appellant's judgment of sentence on May 23, 2014, after ***Alleyne*** became law but before ***Newman*** declared Section 9712.1 unconstitutional in its entirety by virtue of ***Alleyne***. After ***Newman*** was filed on August 20, 2014, Appellant promptly filed a timely PCRA petition challenging his mandatory minimum sentence as illegal in light of the developing ***Alleyne*** case law. Because Appellant's judgment of sentence was still pending when ***Alleyne*** was decided on June 17, 2013, ***Alleyne*** applies to Appellant's case, and he is entitled to review and relief under ***Ruiz, supra***. ***See also Newman, supra***.

The present matter is distinguishable from ***Washington***, which concerned the retroactive application of ***Alleyne*** to cases where the

defendant's judgment had already become final **before** the *Alleyne* decision. *Washington* did not consider the unique procedural posture presented in *Ruiz* or in the instant case, where a defendant raises his *Alleyne* challenge in a timely PCRA petition but his direct appeal from the judgment of sentence was still pending at the time *Alleyne* was decided.[3] The *Washington* Court, however, did specifically acknowledge the general retroactivity of new constitutional rules to cases pending on direct review at the time of the rule's announcement. *See Washington, supra* at *2, *4. Therefore, *Washington* does not necessarily foreclose Appellant's claim for review and relief under these unique circumstances.

Based on the foregoing, we conclude Appellant is entitled to a remand for resentencing without application of any unlawful mandatory minimum statute. Accordingly, we reverse the order denying PCRA relief, vacate the judgment of sentence in its entirety, and remand for resentencing without imposition of a mandatory minimum term. *See Commonwealth v.*

_____

[3] *Washington* also did not upset the holding in *Newman* and *Ruiz* that an *Alleyne* violation renders a sentence illegal for purposes of waiver analysis. *Washington* stands for the proposition that no *Alleyne* violation can occur in the first place where the defendant's sentence was imposed and became final before *Alleyne* was decided. The *Washington* Court noted it recently granted allowance of appeal in a separate case to address the distinct issue of whether an *Alleyne* violation implicates the legality of sentence for issue preservation purposes. *See Washington, supra* at *4 n.6 (citing *Commonwealth v. Barnes*, ___ Pa. ___, 122 A.3d 1034 (2015)). Therefore, under current law, the claim that a sentence violates *Alleyne* remains a nonwaivable challenge to the legality of the sentence. *See Newman, supra*; *Ruiz, supra*.

***Bartrug***, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing scheme on remand).

Order reversed; judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judge Jenkins concurs in the result.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016