J-A22042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANGEL L. MARTINEZ | |
| Appellant | No. 1994 MDA 2015 |

Appeal from the Judgment of Sentence March 27, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001838-2013;
CP-67-CR-0001839-2013; CP-67-CR-0002199-2012

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 14, 2016**

Appellant, Angel L. Martinez, appeals *nunc pro tunc* from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial convictions of three counts each of unlawful contact with a minor and sexual assault, two counts each of aggravated indecent assault of a child, indecent assault of a child less than 13, and incest, and one count each of rape of a child, rape by forcible compulsion, involuntary deviate sexual intercourse ("IDSI") with a child, corruption of a minor, terroristic threats, and indecent assault without consent.[1] We affirm the convictions but vacate the judgment of sentence and remand for re-sentencing.

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1); 3124.1; 3125(b); 3126(a)(7); 4302; 3121(c); 3121(a)(1); 3123(b); 6301(a)(1); 2706(a)(1); and 3126(a)(1), respectively.

The relevant facts and procedural history of this case can be briefly summarized as follows. The Commonwealth charged Appellant with numerous offenses in three separate actions, which the court consolidated, arising from his sexual abuse of his three minor daughters. On December 12, 2013, a jury convicted Appellant of rape of a child, rape by forcible compulsion, IDSI with a child, aggravated indecent assault of a child, incest, sexual assault, and related offenses. On March 27, 2014, the court sentenced Appellant to an aggregate term of 81½ to 163 years' imprisonment, which included some mandatory minimum terms pursuant to 42 Pa.C.S.A. § 9718. Appellant timely filed a post-sentence motion on April 7, 2014. In his post-sentence motion, Appellant requested credit for time served, challenged the weight of the evidence, and objected to the imposition of mandatory minimum sentences in light of **_Alleyne v. United States_**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On June 9, 2014, the court granted Appellant's motion in part only to credit Appellant for time served.

Appellant filed a timely notice of appeal on July 3, 2014. On March 10, 2015, this Court dismissed the appeal for counsel's failure to file a brief. On August 12, 2015, Appellant filed a motion for a new trial, which the PCRA court treated as Appellant's first PCRA petition. The PCRA court reinstated Appellant's direct appeal rights on October 26, 2015. Appellant filed a timely notice of appeal _nunc pro tunc_ on November 12, 2015. On November 24,

2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); and Appellant timely complied on December 21, 2015.

Appellant raises two issues for our review:

> WHETHER THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE TO THE POINT THAT THE VERDICT SHOCKS ONE'S SENSE OF JUSTICE?
>
> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING [APPELLANT'S] MOTION FOR POST-SENTENCE RELIEF IN WHICH [APPELLANT] RAISED HIS OBJECTION TO THE IMPOSITION OF THE MANDATORY SENTENCES IMPOSED BY THE TRIAL COURT AT THE TIME OF [APPELLANT'S] SENTENCING WHICH [APPELLANT] BELIEVES [IS] IN VIOLATION OF *ALLEYNE*?

(Appellant's Brief at 4).

In his first issue, Appellant argues his three daughters' testimony indicated none of the daughters recalled when the sexual assaults occurred and details about the assaults. Appellant submits his daughters said they had not discussed the sexual assaults with each other. Appellant asserts his daughters' descriptions of the assaults were general and identical, which suggests his daughters had an ulterior motive to allege Appellant committed the charged offenses. Appellant claims his brother also testified that he did not see or hear any inappropriate behavior when Appellant's daughters visited during the 3½ years Appellant and his brother lived together. Appellant maintains the trial court abused its discretion when it denied relief

on Appellant's challenge to the weight of the evidence. Appellant concludes this Court should reverse and discharge Appellant. We disagree.

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). "[C]redibility determinations are made by the fact finder and…challenges thereto go to the weight, and not the sufficiency, of the evidence." *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997). *See also Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (stating defendant's claim he was wrongly identified as perpetrator of crimes based on "unbelievable identification testimony" went to witness' credibility and challenged weight, not sufficiency, of evidence). The remedy for a challenge to the weight of the evidence is a new trial. *See, e.g., Commonwealth v.*

*Smith*, 853 A.2d 1020 (Pa.Super. 2004) (explaining remedy for challenges to sufficiency of evidence is judgment of acquittal; remedy for challenges to weight of evidence is new trial).

Instantly, the trial court reasoned as follows regarding Appellant's weight challenge:

> The trial judge determined that the verdict was supported by the evidence by denying [Appellant]'s post-sentence motion on June 9, 2014. We see no error in this determination. The jury in these three cases heard from the three victims, Detective Kyle Hower, and [Appellant]'s witness, his brother. The jury being the fact-finder was "free to believe all, part, or none of the evidence to determine the credibility of the witnesses." After hearing all the testimony and weighing the evidence and witnesses['] credibility, the jury found [Appellant] guilty on all charges. We do not find this verdict shocked the conscience and find it was in-fact supported by the evidence. The court therefore disagrees that the verdict was against the weight of the evidence.

(Trial Court Opinion, filed February 5, 2016, at 4) (internal footnote omitted). The record supports the trial court's reasoning. Thus, we see no reason to disturb the court's decision to deny relief on Appellant's challenge to the weight of the evidence. *See Champney, supra*.

In his second issue, Appellant argues 42 Pa.C.S.A. § 9718 is unconstitutional pursuant to *Alleyne* and its Pennsylvania progeny. Appellant maintains his mandatory minimum sentences under Section 9718 are illegal. Appellant concludes this Court should vacate the judgment of sentence and remand for re-sentencing. We agree.

In *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186

L.Ed.2d 314 (2013), the United States Supreme Court held that any fact increasing the mandatory minimum sentence for a crime **is** considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. ***Alleyne, supra***. The Pennsylvania Supreme Court recently addressed the constitutionality of Section 9718 in light of ***Alleyne*** in ***Commonwealth v. Wolfe***, ___ Pa. ___, 140 A.3d 651 (June 20, 2016).[2] ***Wolfe*** observed "Section 9718 does plainly and explicitly require judicial fact-finding in its subsection (c). Moreover, since subsection (c) is integral to the statute, Section 9718(a) does not stand alone." ***Wolfe, supra*** at ___, 140 A.3d at 660-61 (internal citations omitted). The Court noted Section 9718(c) still required the sentencing court to determine a victim's age at sentencing to impose sentences for offenses under Section 9718(a), even though the fact-finder might have already decided the victim's age when it reached a verdict. ***Id.*** at ___, 140 A.3d at 661. Relying on

_____

[2] At the time of Appellant's sentencing, Section 9718 established mandatory minimum terms for offenses committed against minors less than 16 years of age. For example, Section 9718 in relevant part required several mandatory minimum sentences, including: 10 years' imprisonment for rape; 10 years' imprisonment for IDSI; and 5 years' imprisonment for aggravated indecent assault. 42 Pa.C.S.A. § 9718(a)(1). Section 9718 also established relevant mandatory minimum sentences without express reference to the victim's age for several offenses, including: 15 years' imprisonment for rape of a child; 5 years' imprisonment for aggravated indecent assault of a child less than 13 years old; and 10 years' imprisonment for aggravated indecent assault of a child. 42 Pa.C.S.A. § 9718(a)(3). Section 9718(c) stated provisions of Section 9718 shall not be an element of the crime, and the court shall determine their applicability by a preponderance of the evidence at sentencing. 42 Pa.C.S.A. § 9718(c).

*Alleyne*, *Wolfe* held that Section 9718 could no longer pass constitutional muster as it created a "distinct and aggravated crime" because the "statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not free to disregard such explicit legislative mandates by substituting their own procedures." *Id.* (quoting *Alleyne, supra*). *Wolfe* further held the non-offending provisions of Section 9718 were not severable, and the statute was unconstitutional and void in its entirety. *Id.* at ___, 140 A.3d at 661-63.

Instantly, the trial court sentenced Appellant to mandatory minimum terms of incarceration for several of his convictions, pursuant to Section 9718. Under *Wolfe*, Appellant is entitled to a remand for re-sentencing without application of any unlawful mandatory minimum sentences. Accordingly, we affirm Appellant's convictions, but we vacate the judgment of sentence in its entirety and remand for re-sentencing without imposition of mandatory minimum terms. *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing plan on remand).

Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2016</u>