J-S79015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD CHARLES EVANS | |
| Appellant | No. 3292 EDA 2015 |

Appeal from the Judgment of Sentence August 3, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014114-2009

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 02, 2016**

Appellant, Richard Charles Evans, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of one count each of possession of a controlled substance with the intent to distribute ("PWID"), knowing or intentional possession of a controlled substance, possession of drug paraphernalia, and possession of an instrument of crime ("PIC").[1]  We vacate the judgment of sentence and remand for re-sentencing.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with various drug-related offenses for

_____

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A. § 907(a), respectively.

possessing drugs and a firearm.  Following a bench trial on June 21, 2012, the court convicted Appellant of one count each of PWID, knowing or intentional possession of a controlled substance, possession of drug paraphernalia, and PIC.  The court sentenced Appellant on August 3, 2012, to an aggregate term of five (5) to ten (10) years' imprisonment, plus five (5) years' probation, which included a mandatory minimum term pursuant to 42 Pa.C.S.A. § 9712.1 (requiring imposition of mandatory minimum sentences for certain drug offenses committed with firearms).

On August 13, 2012, Appellant filed a timely post-sentence motion, which the court denied on January 3, 2013.  Appellant filed a *pro se* PCRA petition on December 30, 2013.  The PCRA court appointed counsel, who filed an amended petition.  On September 29, 2015, the PCRA court granted Appellant's petition and reinstated Appellant's direct appeal rights *nunc pro tunc*.  Appellant filed a timely notice of appeal on October 29, 2015.  On November 6, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); and Appellant complied on December 3, 2015.[2]

---

[2] Appellant's Rule 1925(b) statement appears to be untimely.  Nevertheless, Appellant challenges only the legality of his sentence, which the court imposed pursuant to a mandatory minimum sentencing statute and addressed in its opinion.  ***See Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001) (explaining challenge to application of mandatory minimum sentence is non-waiveable challenge to legality of sentence which, assuming proper jurisdiction, this Court can address *sua sponte*).

Appellant raises one issue for our review:

> IS APPELLANT ENTITLED TO A NEW SENTENCING HEARING BECAUSE HIS SENTENCE IS ILLEGAL, HAVING BEEN IMPOSED PURSUANT TO AN UNCONSTITUTIONAL MANDATORY MINIMUM SENTENCING STATUTE?

(Appellant's Brief at 2).

Appellant argues 42 Pa.C.S.A. § 9712.1 is unconstitutional pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. Appellant maintains his mandatory minimum sentence under Section 9712.1 is illegal. Appellant concludes this Court should vacate the judgment of sentence and remand for re-sentencing. We agree.

In *Alleyne*, the United States Supreme Court held that any fact increasing the mandatory minimum sentence for a crime **is** considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *Alleyne, supra*. This Court later addressed the constitutionality of Section 9712.1, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). Relying on *Alleyne*, *Newman* held that 42 Pa.C.S.A. § 9712.1 could no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Id.* at 98. *Newman* further held (1) the non-offending provisions of Section 9712.1 were not severable, and the

statute was unconstitutional in its entirety; (2) a sentencing challenge premised on *Alleyne* implicates the legality of the sentence and cannot be waived. *Id.* at 90, 101.

Instantly, the trial court sentenced Appellant to a mandatory minimum term of incarceration pursuant to Section 9712.1. Under *Newman*, Appellant is entitled to a remand for re-sentencing without application of any unlawful mandatory minimum sentences. Accordingly, we vacate the judgment of sentence in its entirety and remand for re-sentencing without imposition of mandatory minimum terms. *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing plan on remand).

Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016

- 4 -