J-S52032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SYEEN HILL | : | |
| | : | |
| Appellant | : | No. 422 MDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005746-2015

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

CONCURRING/DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED OCTOBER 31, 2018**

I agree with the learned majority that the sentence imposed for the conviction for person not to possess a firearm was illegal and that we must vacate the sentence. However, I would remand for resentencing.

As a rule, where the appellate court's disposition of an appeal upsets the trial court's original sentencing scheme, remanding for a new sentencing proceeding is the proper course. *See Commonwealth v. Ali*, ____ A.3d ___, 2596 EDA 2017, 2018 WL 4870924, at *1 (Pa.Super. Oct. 9, 2018). We have found no need to remand where we could be certain that the vacating of one sentence did not alter the overall sentencing scheme. *See, e.g., In the Interest of P.S.*, 158 A.3d 643, 652-53 (remand unnecessary where sentence on vacated conviction was no further penalty); *Commonwealth v. Thur*, 906 A.2d 552, 570 (Pa.Super. 2006) (no remand needed where

_____
* Retired Senior Judge assigned to the Superior Court.

convictions should have merged for sentencing purposes, and the merged sentence, 72 hours to six months in jail, was concurrent with longer sentence of nine to 25 years in prison).

Indeed, "if [the] trial court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated so [the] court can restructure its entire sentencing scheme." *See Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa.Super. 2005) (citing *Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa.Super. 1999), and *Commonwealth v. Vanderlin*, 580 A.2d 820, 831 (Pa.Super. 1990)).

Here, Hill was found guilty of multiple counts and the sentence imposed on only one of the counts was illegal. If we do not remand, and another court reverses or vacates the convictions or sentences on the other counts, Hill will have no remaining sentence to serve. That is plainly counter to the trial court's decision not to impose a sentence of "guilt without further penalty" on the person not to possess a firearm conviction. *See* 42 Pa.C.S. § 9721(a)(2). Rather, the court obviously intended him to serve a significant sentence on that charge. Under these circumstances, I cannot say that the vacating of the illegal sentence does not upset the trial court's sentencing scheme, and I believe remand is necessary.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2018