J-S23008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH JOHN SHAFFER SR. | : | |
| | : | |
| Appellant | : | No. 3470 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 6, 2015
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000042-2006

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: Filed: October 29, 2020

Appellant, Kenneth John Shaffer, Sr., appeals *pro se* and *nunc pro tunc* from the judgment of sentence imposed on July 6, 2015, following his guilty plea to various offenses including rape of a child and involuntary deviate sexual intercourse. Appellant asserts that the trial court erred in denying his request to appoint an expert witness and not holding a new sexually violent predator (SVP) assessment hearing. Appellant also argues that the trial court violated the terms of his plea agreement when it imposed a sentence greater than the mandatory minimum range at his resentencing hearing. Appellant additionally claims that his resentencing violated double jeopardy constitutional protections. Further, Appellant challenges the discretionary aspects of his sentence. Lastly, Appellant argues that the trial court erred in denying his post-sentence motion wherein he challenged the violation of his

plea agreement and the trial court's lack of jurisdiction to increase his

sentence. We affirm.

This Court previously set forth the relevant facts and procedural history

of this case as follows:

> On May 12, 2006, [Appellant] pled guilty to two counts each of aggravated indecent assault and corruption of a minor, and one count each of rape of a child, involuntary deviate intercourse [(IDSI)], statutory sexual assault and [indecent exposure].[fn2] [The trial court ordered that a presentence investigation and a Sexual Offender Assessment Board assessment. On September 7, 2006, Appellant's counsel filed a motion to continue the sentencing hearing and for the appointment of an independent psychological expert for the sexually violent predator assessment. The trial court denied that motion the following day.] On September 11, 2006, the trial court sentenced [Appellant] to an aggregate sentence of [sixteen] years and [six] months to [forty-five] years in prison. [During the sentencing hearing, the trial court found Appellant to be a sexually violent predator. Appellant] filed a motion for reconsideration of sentence, which the trial court denied.[1] Thereafter, the Commonwealth filed a petition to amend sentence, averring that there was an error in the sentencing computation, but that the total sentence imposed was appropriate. On December 14, 2012, the trial court entered an order [to correct a clerical error] which clarified that [Appellant's] total sentence is [fifteen] years and [six] months to [forty-five] years in prison. [This new aggregate sentencing calculation was erroneous.] Subsequently, on February 28, 2013, the trial court entered another order that amended the December 14, 2012 sentencing order to read that [Appellant's] total sentence is [sixteen] years and [six] months to [forty-five] years in prison.

_____

[1] Appellant did not raise the issue of the trial court's denial of his request for the appointment of an expert for the SVP hearing or challenge the trial court's determination that he was an SVP in his September 21, 2006 post-sentence motion for reconsideration of sentence.

On July [19], 2013, [Appellant], *pro se*, filed [a Post Conviction Relief Act (PCRA)][2] petition. The PCRA court appointed attorney [Lindsey] Collins as counsel. Attorney Collins filed an amended PCRA petition on [Appellant's] behalf alleging improper sentencing on the rape of a child count. The PCRA court and the Commonwealth agreed that a sentencing error was made in relation to the rape of a child count.[3] Accordingly, the PCRA court vacated the sentence imposed on that count only. On February 28, 2014, following a hearing, the PCRA court resentenced [Appellant] solely on the rape of a child count to [five years and six] months to [twenty] years in prison. Based on this resentencing, [Appellant's] new total aggregate sentence was [sixteen] to [forty-five] years in prison. [Appellant] filed a motion for reconsideration of sentence, which the PCRA court denied on March [12], 2014.

> [fn2] 18 Pa.C.S. §§ 3125(a)(7), (a)(8), 6301, 3121(c), 3123(a)(7), 3122.1, [3127(a)].

***Commonwealth v. Shaffer***, No. 1085 EDA 2014, 2014 WL 10558548, *1 (Pa. Super. filed Nov. 26, 2014) (unpublished mem.) (***Shaffer I***).

The ***Shaffer I*** Court vacated the PCRA court's order, holding that when the sentence on one count in a multi-count case is vacated, then all sentences for all counts must be vacated if the invalidity of the sentence would have affected the trial court's sentencing on the remaining counts. ***Id.*** Because this Court could not determine if the "invalidity of the sentence on the rape of a child count would have affected the trial court's sentencing on the remaining

---

[2] 42 Pa.C.S §§ 9541-9546.

[3] Specifically, the Commonwealth conceded that the trial court erroneously calculated the guideline range for rape of a child using the Sixth Edition of the Sentencing Guidelines instead of the Fifth Edition, which were applicable at the time the offense was committed. ***See*** Commonwealth's Memo. of Law, 1/27/14, at 1-2.

counts," we vacated the February 28, 2014 sentencing order and remanded for resentencing on all counts. *Id.* at *1-2.

On June 5, 2015, prior to the resentencing hearing, Appellant filed a *pro se* motion for appointment of an expert witness for the SVP hearing and for a continuance of the sentencing hearing.[4] Appellant's counsel adopted the motion during a subsequent hearing, which the trial court denied.

The trial court ordered an amended pre-sentence investigation report (PSI) in advance of the resentencing hearing. On July 6, 2015, the trial court resentenced Appellant to consecutive terms of incarceration of five years and six months to twenty years for rape of a child (count two), five to ten years for IDSI (count four), one to five years for statutory sexual assault (count nine), two years and six months to five years for aggravated indecent assault (victim less than thirteen years of age) (count twelve), and two to five years for aggravated indecent assault (victim less than sixteen years of age) (count seventeen). The court also imposed concurrent terms of incarceration of three months to two years for indecent exposure (count twenty-two), and six months to two years for each count of corruption of minors (counts twenty-

---

[4] A *pro se* filing submitted by a counseled defendant is a legal nullity. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." *Commonwealth v. H. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016).

five and thirty-one). Thus, Appellant's aggregate sentence was sixteen to forty-five years' incarceration with credit for time served. On July 15, 2015, Appellant filed a *pro se* post-sentence motion, which the trial court denied on August 3, 2015.

Two further appeals and a PCRA petition followed, which we need not discuss in detail. On April 25, 2018, following a **Grazier**[5] hearing, the trial court entered an order allowing counsel to withdraw and for Appellant to proceed *pro se*. On July 25, 2018, the trial court restored Appellant's right to file post-sentence motions and a direct appeal *nunc pro tunc*. Appellant filed a timely, *pro se* post-sentence motion on July 30, 2018.

Appellant's post-sentence motion raised the following issues: (1) the sentence violated his plea agreement; (2) the trial court lacked jurisdiction to increase his sentence; (3) the trial court improperly denied his request for an independent expert for his SVP hearing at resentencing; and (4) requested reconsideration of his sentence. After 120 days passed, the clerk of courts did not enter an order denying his post-sentence motion by operation of law. Nevertheless, Appellant filed a notice of appeal on December 14, 2018. This Court quashed the appeal because an order denying his post-sentence motion by operation of law had not been entered. **Commonwealth v. Shaffer**, No. 3588 EDA 2018, 2019 WL 3384780, *1 (Pa. Super. filed July 26, 2019) (unpublished mem.) (**Shaffer II**).

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

The ***Shaffer II*** Court remanded this case to the trial court to rule on Appellant's post-sentence motion.  ***Id.*** at *2.  The ***Shaffer II*** Court further ordered that the motion be deemed filed *nunc pro tunc* as of the date the certified record was remanded, essentially restarting the 120-day period in which the trial court could rule on the motion.  ***Id.***  Notwithstanding this Court's reinstatement of his July 30, 2018 post-sentence motion *nunc pro tunc*, Appellant filed an additional *pro se* post-sentence motion on November 13, 2019.[6]  The trial court entered an order denying the post-sentence motion on November 14, 2019.  Appellant timely filed a notice of appeal along with a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The trial court filed a Rule 1925(a) opinion.

On appeal Appellant raises the following issues, which we summarize as follows:

1. Did the trial court err in denying Appellant an expert witness and a new SVP assessment to correct a lingering due process error?

2. Did the trial court err in not sentencing Appellant to the mandatory minimum sentence for count two in violation of his plea agreement?

3. Did the trial court impose an illegal sentence?

4. Did the trial court err in denying Appellant's motion for reconsideration of sentence?

Appellant's Brief at 10.

---

[6] The text of the November 13, 2019 post-sentence motion is identical to that of the July 30, 2018 post-sentence motion.

### Denial of Appointment of Expert for SVP Hearing Claim

In his first issue, Appellant asserts that the trial court erred in denying his motion for the appointment of an expert and a new SVP hearing. Appellant's Brief at 23-27. Appellant argues that when this Court vacated his 2006 judgment of sentence and remanded this matter for resentencing in *Shaffer I*, his SVP status was also vacated. *Id.* at 25 (citing *Commonwealth v. Harris*, 972 A.2d 1196 (Pa. Super. 2009); *Commonwealth v. Smalls*, 100 EDA 2016, 2017 WL 568896 (Pa. Super. filed Feb. 13, 2017) (unpublished mem.)). Appellant argues that the trial court erred by reimposing his SVP status at the July 6, 2015 resentencing hearing on the basis of the original 2006 SVP hearing without holding a new SVP hearing. *Id.* at 26-27. Specifically, Appellant contends that because he is an indigent defendant, the trial court should have appointed an expert and that its failure to do so denied him due process of law. *Id.* at 26-27 (citing, *inter alia*, *Commonwealth v. Curnutte*, 871 A.2d 839 (Pa. Super. 2005), and *Commonwealth v. McWilliams*, 887 A.2d 784 (Pa. Super. 2005)).

Appellant also argues that his SVP designation must be vacated pursuant to *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*),[7] *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and

---

[7] Our Supreme Court has since overruled this Court's decision in *Butler I*, holding that the lifetime registration, notification, and counseling requirements (RNC requirements) applicable to SVPs under SORNA do not constitute criminal punishment and are not punitive nor unconstitutional. *Commonwealth v. Butler,* 226 A.3d 972, 993 (Pa. 2020) (*Butler II*).

*Commonwealth v. Luciani*, 201 A.3d 802 (Pa. Super. 2018). *Id.* at 22. However, Appellant does not discuss these cases in his analysis of legal authority in his brief. *Id.*

The Commonwealth responds that the SVP designation was a collateral consequence of Appellant's conviction and was not part of this Court's order vacating Appellant's judgment of sentence and remanding this matter for resentencing. Commonwealth's Brief at 5-6. Therefore, the Commonwealth argues that because the trial court made its SVP determination in 2006 and Appellant had not been granted a new SVP hearing, there was no need to appoint an expert for the 2015 resentencing. *Id.* at 6. The trial court did not address whether Appellant was entitled to a new SVP hearing at his July 6, 2015 resentencing hearing in its opinion.

When a case is remanded, "[a] trial court has an obligation to comply scrupulously, meticulously, and completely with an order of [the appellate court] remanding a case to the trial court." *Commonwealth v. G. Williams*, 877 A.2d 471, 474 (Pa. Super. 2005). The trial court is required to "strictly comply with the mandate of the appellate court." *Id.* at 474-75 (citation omitted). Issues not included in the mandate cannot be considered by the trial court. *Id.* at 475. "To interpret the remand order, it is necessary to examine the context of the order." *Id.* at 476.

Additionally, where an appellant has already had the benefit of a direct appeal, which resulted in remand for resentencing, any issues not raised in his prior appeal are waived on a subsequent appeal. *See Commonwealth*

- 8 -

*v. Rominger*, 199 A.3d 964, 975 (Pa. Super. 2018), *appeal denied*, 217 A.3d 217 (Pa. 2019); *see also Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) (stating "having been re-sentenced following remand, [the defendant] could not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand." (citations omitted)).

In *Shaffer I*, Appellant challenged his amended sentence. *Shaffer I*, 2014 WL 10558548 at *1. Appellant did not challenge the trial court's denial of his September 7, 2006 motion for appointment of an expert for the SVP hearing or his designation as an SVP in his previous direct appeal; therefore these issues are waived in the present appeal. *See Rominger*, 199 A.3d at 975; *see also Anderson*, 801 A.2d at 1266.

Additionally, in *Shaffer I*, this Court vacated the February 28, 2014 sentencing order and remanded for resentencing on all counts so the trial court could consider its entire sentencing scheme. *Shaffer I*, 2014 WL 10558548, at *1. Reading this Court's decision in *Shaffer I* in context, our order vacating Appellant's judgment of sentence and remanding for resentencing cannot be read to include a new SVP hearing, and therefore, Appellant's claim fails. *See G. Williams*, 877 A.2d at 476.

### Violation of Plea Agreement Claim

In Appellant's second issue, he argues that the trial court violated his plea agreement by sentencing him to five years and six months to twenty years of incarceration for count two, rape of a child, when the plea agreement

called for a mandatory minimum sentence of five to ten years. Appellant's Brief at 28-32. Appellant contends that he is entitled to enforce the terms of his plea agreement. *Id.* at 30 (citing ***Commonwealth v. Hainesworth***, 82 A.3d 444 (Pa. Super. 2013) (*en banc*)).[8] Appellant argues that all of the sentencing guideline forms state that he entered a negotiated plea agreement. Appellant's Reply Brief at 2-3.

The Commonwealth responds that there was no plea agreement because Appellant entered an open plea. Commonwealth's Brief at 5. The Commonwealth argues that in the guilty plea colloquy, Appellant acknowledged that he could be sentenced to up to forty years' incarceration for the rape of a child charge. *Id.* The trial court did not discuss Appellant's claim regarding his plea agreement in its 1925(a) opinion.

When evaluating the terms of a negotiated plea agreement, we are guided by the following long-standing principles:

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A

---

[8] Appellant also argues that the SOAB report used the definition of a predatory act from Megan's Law III instead of the definition from Megan's Law II, which was used in his guilty plea colloquy. Appellant's Brief at 32. Appellant claims this is also a breach of his plea agreement and invalidates the SOAB report in its entirety. *Id.* This issue was not raised at the July 6, 2015 sentencing hearing nor was it included in Appellant's July 30, 2018 post-sentence motion, and new issues may not be raised for the first time on appeal. ***See Commonwealth v. P.L.S.***, 894 A.2d 120, 132 (Pa. Super. 2006) (holding issues related to SVP hearing not raised at the hearing or a post-sentence motion are waived); ***see also*** Pa.R.A.P. 302(a).

determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

***Commonwealth v. Kroh***, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted); ***see also Hainesworth***, 82 A.3d at 447.

Instantly, Appellant's written guilty plea colloquy states that in exchange for Appellant pleading guilty to the agreed upon counts, the Commonwealth would *nolle prosse* or withdraw the remaining charges. Nothing in the written colloquy indicates that the Commonwealth would recommend a sentence of five to ten years for the charge of rape of a child.[9] The notes of testimony from the guilty plea hearing indicate that the Commonwealth did not make any promises to Appellant except that to withdraw the remaining charges. N.T. Guilty Plea Hr'g, 5/12/06, at 10. Appellant further acknowledged that the trial court could impose a sentence of up to forty years' incarceration on the charge of rape of a child. ***Id.*** at 11. Based on our review of the record, we conclude that Appellant's argument that a plea agreement existed for a

---

[9] Appellant refers to several questions on page nine of his written guilty plea colloquy, which asks if he understands that the Commonwealth would seek a mandatory minimum sentence of five years for the charge of rape of a child and the trial court is required to impose that mandatory minimum sentence as proof of the aforementioned agreement for a sentence of five to ten years. Appellant's Brief at 28-29. We cannot agree with this interpretation. These questions exist to ensure that Appellant understands that he is subject to a mandatory minimum sentence to ensure that his plea is knowingly, intelligently, and voluntarily tendered. ***See Commonwealth v. Broaden***, 980 A.2d 124, 129-30 (Pa. Super. 2009) (stating the requirement that a defendant must be informed of the Commonwealth's intention to seek a mandatory minimum sentence before entering a guilty plea).

sentencing recommendation of five to ten years' incarceration for the charge of rape of a child is not supported by the record and is meritless. *See Kroh*, 654 A.2d at 1172; *see also Hainesworth*, 82 A.3d at 447. Accordingly, Appellant is not entitled to relief on this claim.

### Double Jeopardy Claim

In his third issue, Appellant claims that his sentence is illegal because it violates constitutional double jeopardy protections prohibiting an increased aggregate sentence following a post-remand resentencing. Appellant's Brief at 34. Appellant alleges that the trial court erred by imposing a sentence of two to five years' imprisonment on count seventeen, aggravated indecent assault, consecutive to count twelve, instead of count two, thus increasing his aggregate minimum sentence by two years and his aggregate maximum sentence by five years.[10] *Id.* Neither the Commonwealth nor the trial court addressed Appellant's double jeopardy claim.

"[W]e have held that if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that

_____

[10] Appellant also alleges that the trial court's imposition of an illegal sentence is proof of judicial vindictiveness. Appellant's Brief at 34. A claim of vindictiveness is not a challenge to legality of the sentence; rather, it is a waivable challenge to the discretionary aspects of the sentence. *See Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa. Super. 2007) (*en banc*). Appellant failed to include this claim within his Rule 2119(f) statement and meaningfully develop his argument. Therefore, although we liberally construe his *pro se* brief, we hold Appellant waived this claim. *See id.*; *see also Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037-38 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019).

the court can restructure its entire sentencing scheme[]" if the invalidity of the sentence would have affected the trial court's sentencing on the remaining counts. *Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa. Super. 1999) (citation omitted). Furthermore, "a vacated sentence is a nullity and the defendant is restored to the status of unsentenced; thus for purposes of double jeopardy analysis the vacated sentence does not limit the sentencing court." *Commonwealth v. Johnson*, 967 A.2d 1001, 1006 (Pa. Super. 2009) (citation omitted).

When the *Shaffer I* Court vacated Appellant's judgment of sentence, the original sentence became a legal nullity, and the trial court was free to impose any legal sentence without violating Appellant's double jeopardy rights. *See id.* Accordingly, the trial court's July 6, 2015 judgment of sentence did not impose an illegal sentence that violated Appellant's double jeopardy rights, and Appellant is not entitled to relief on this claim.[11] *See id.*

---

[11] Furthermore, Appellant's double jeopardy claim is premised on his belief that his 2006 aggregate sentence was fourteen years and six months to forty years based on how the trial court structured the consecutive sentences. *See* Appellant's Brief at 33-34. Appellant's argument does not acknowledge the plain language of the sentencing order, which states his "total sentence is [sixteen] years, [six] months to [forty-five] years." Order, 9/12/06, at 2. After the trial court granted Appellant's PCRA petition in part, the court reduced his aggregate sentence to sixteen years to forty-five years. Order, 2/28/14. Appellant was resentenced to an aggregate sentence of sixteen years to forty-five years' incarceration. Order, 7/6/15, at 2. Appellant's new sentence was not greater than his February 28, 2014 amended sentence. When the aggregate term of imprisonment did not increase upon resentencing, a double jeopardy violation is not implicated. *See, e.g.*, *Commonwealth v. Sutton*, 583 A.2d 500, 502-03 (Pa. Super. 1990)

**Discretionary Aspects of Sentence Claims**

Appellant also challenges the discretionary aspects of his sentence on several grounds. He argues that the trial court abused its discretion by "mechanically" resentencing him to the same sentences that were previously imposed without acknowledging any of Appellant's rehabilitative progress since the original sentencing hearing. Appellant's Brief at 21-22, 33-36. Appellant specifically argues that the trial court "failed to place on the record any specific redemptive item that weighed into its decision to arrive at the sentence imposed. The trial court simply stated that it had read the pre sentence report and documents provided to him by [Appellant.]" *Id.* at 36 (formatting altered).

The Commonwealth responds that the trial court had the benefit of a PSI and "the law presumes that the [trial c]ourt was aware of the relevant information regarding [A]ppellant's environment and had weighed those considerations along with any mitigating factors delineated in the sentencing code." Commonwealth's Brief at 5 (citation omitted). In its Rule 1925(a) opinion, the trial court stated that Appellant's challenges to the discretionary aspects of his sentence were outside the scope of the remand for resentencing and were thus without merit. Trial Ct. Op., 1/29/20, at 4.

_____

(declaring that "no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence" (citation omitted)).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Appellant presents nine issues challenging his resentencing in his Rule 2119(f) concise statement, which we summarize as follows:

1. The trial court imposed an illegal sentence that violated Appellant's right against double jeopardy.

2. The trial court erred in not appointing a psychological expert for Appellant in the SVP hearing.

3. The trial court did not consider Appellant's rehabilitative accomplishments during time Appellant was incarcerated.

4. The trial court erred in not consider whether to impose some sentences concurrently instead of consecutively.

5. The trial court erred by mechanically resentencing Appellant to his previous sentence without considering changed circumstances.

6. The trial court based its sentence solely on the seriousness of the offenses.

7. The trial court erred by mechanically resentencing Appellant to his previous sentence without considering Appellant's claim that his previous sentence was illegal.

8. The trial court erred by designating Appellant a SVP.

9. The trial court erred in its calculation of the offense gravity score for the charge of rape of a child.

Appellant's Brief at 21-22.

Appellant's appeal is timely. We next determine whether Appellant has preserved his claims. Issues one, two, three, four, five, seven, and eight have been preserved as they were included in Appellant's post-sentence motion. *See* Post-Sentence Mot., 7/30/18, at 1-5. We conclude that Appellant waived

issues six and nine because they were not presented in his post-sentence motion. **See Malovich**, 903 A.2d at 1251.

We resolved some of Appellant's preserved claims above; specifically, issues one, two, and eight concerning his SVP hearing and double jeopardy claims. However, Appellant's fourth issue, the claim that the sentencing court erred by imposing consecutive rather than concurrent sentences, does not ordinarily present a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." (citation omitted)). Appellant claims in issues three, five, and seven that the trial court mechanically reimposed his prior sentence without considering mitigating evidence and Appellant's rehabilitative progress since his original sentencing. Accordingly, Appellant's issues present a substantial question for our review. **See Commonwealth v. Serrano**, 150 A.3d 470, 473-74 (Pa. Super. 2016) (holding that a resentencing court should not mechanically reimpose the previous judgment of sentence without making an independent reevaluation of the Sentencing Code's criteria).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

- 17 -

judgments for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). "Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d)." ***Id.***

Subsection 9781(c) provides:

(c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider the provisions of subsection 9781(d):

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." ***Raven***, 97 A.3d at 1254 (citing 42 Pa.C.S. § 9781(c)(2)). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d) and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[12] ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa. Super. 2017) (citation and quotation marks omitted). Further, where a PSI exists, "we shall presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

_____

[12] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

We have also explained:

When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. Reimposing a judgment of sentence should not be a mechanical exercise. Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant-especially where defense counsel comes forward with relevant evidence which was not previously available. Thus, [defendant's] conduct since the prior sentencing hearing is relevant at resentencing. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which appellant received is a just and appropriate punishment.

*Serrano*, 150 A.3d at 473 (citations omitted and some formatting altered).

The *Serrano* Court vacated the judgment of sentence and remanded for another resentencing when the sentencing judge on the prior remand stated on the record that he viewed his role at the resentencing hearing was not to exercise independent judgment, and instead referred to the original sentencing judge's sentence several times. *Id.* at 474.

Here, at sentencing, the trial court stated:

[Appellant,] I've read every page of your Pre-Sentence Report there are 14 narrative pages, computation, and sentencing guidelines, sentencing recommendation to the [c]ourt, a host of letters from you and others on your behalf. A several page document called Allocution, several page document called Defendant's Versions of Offenses, Closing Statement for June 25, 2014 Re-Sentencing. I have Closing Statement for June 25 Re-Sentencing – multiple pages. I have letters, I have False or Misleading Information Used Against Defendant Listing of Objections and Responses to Them Parts 1, 2, and 3. I have all that information and I read every bit of it.

[Appellant], you were originally sentenced by Judge Conway.

\*     \*     \*

- 20 -

You have nine years, five months and twenty six days of credit toward whatever sentence I do impose. You did plead guilty, which I do take to your credit, sir.

You can't read what you did to this young woman without feeling nauseated by the acts. You contend that you told her all the time if she was uncomfortable to tell somebody else what was going on. That was one of the themes that you stressed in all your papers that you sent to me. I don't know whether you think that made it okay. You were found to be a sexually violent predator. This was a one and a half year series of offenses against a 12 or 13 year old girl. Just horrible. Horrible.

N.T. Sentencing Hr'g, 7/6/15, at 8-9.

Following our review, we discern no merit to Appellant's argument that the trial court mechanically reimposed the previous sentence and failed to consider his individual circumstances. Our review of the record indicates that the trial court was informed by Appellant's updated PSI, which it reviewed prior to sentencing, and was aware of and properly weighed the mitigating sentencing factors. *See Conte*, 198 A.3d at 1177; *Serrano*, 150 A.3d at 473-74. Moreover, the trial court stated its reasoning on the record and was not required to give a lengthy explanation for its sentence. *See Rush*, 162 A.3d at 544. Accordingly, having reviewed the parties' arguments, the trial court's reasoning, and the record, we find no merit to Appellant's claims that the trial court abused its discretion in imposing an aggregate sentence of sixteen to forty-five years' imprisonment upon resentencing. Accordingly, Appellant's challenge to the discretionary aspects of his sentence fails. *See Raven*, 97 A.3d at 1253.

**Denial of Post-Sentence Motion Claim**

Lastly, Appellant claims that the trial court erred in denying his July 15, 2015 post-sentence motion. Appellant's Brief at 37-40. In that motion, Appellant argued that the December 14, 2012 and February 28, 2013 orders amending his prior sentence violated the prohibition against double jeopardy and were illegal under 42 Pa.C.S. § 5505. *Id.* at 37-40. As discussed previously, when this Court vacated Appellant's previous sentence in *Shaffer I*, that sentence became a legal nullity. *See Johnson*, 967 A.2d at 1006. Furthermore, our review is limited to the issues encompassed within the remand order concerning Appellant's resentencing. *See Rominger*, 199 A.3d at 975; *see also Anderson*, 801 A.2d at 1266. Because Appellant's post-sentence motion challenges the original sentence and not the sentence imposed following remand, that claim is not properly before this Court. *See id.*[13] For the foregoing reasons, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

---

[13] Appellant further argues that the trial court erred in denying his post-sentence motion with respect to his claim that the July 6, 2015 sentence violated his plea agreement. Appellant's Brief at 37-38. We addressed this claim above.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/29/20</u>